# CITATION BY MAILING

# THE STATE OF TEXAS

## IN THE 439th District Court
## OF
## ROCKWALL COUNTY, TEXAS

### Cause No. 1-17-0775

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED".** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, and default judgment may be taken against you.

TO: Safeco Insurance Company of Indiana served with process by certified mail, hereinafter styled Matthew & Wendy Meisenheimer's Vs Safeco Insurance Company of Indiana and numbered cause: 1-17-0775

You are hereby commanded to appear before the 439th District Court of Rockwall County, Texas in the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200 in Rockwall, Texas by filing a written answer to Plaintiff's PLAINTIFF'S MATTHEW AND WENDY MEISENHEIMER'S ORIGINAL PETITION at or before 10:00 A.M of the Monday after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number styled Matthew & Wendy Meisenheimer Vs Safeco Insurance Company of Indiana.

Said Petition was filed in 439th District Court on 07/14/2017, by DEREK L FADNER, Attorney for the Plaintiff, whose address is 411 N SAM HOUSTON PKWY E SUITE 200 HOUSTON TX 77060 ,

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office this on this the 17th day of July, 2017.

Lea Carlson
District Clerk
Rockwall County, Texas

By _____ Deputy
Melissa Young

**Defendant Copy**

EXHIBIT C-1

## OFFICER'S RETURN

CAME to hand on the ___ day of _____, 20___, and executed by mailing the Respondent certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Original Petition to the following address:

_____        _____
Respondent                                              address

Service upon the Respondent is evidenced by the return receipt hereto attached and signed by _____ and dated: _____. This Citation was not executed for the following reason:

_____
_____. TO CERTIFY WHICH WITNESS MY
HAND OFFICIALLY :_____        (Clerk, Sheriff or Constable)

Fee for Serving Citation: $ _____

By: _____ Deputy

Filed: 7/14/2017 4:53 PM
Lea Carlson,
District Clerk
Rockwall County, Texas

Melissa Young

1-17-0775

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW & WENDY<br>MEISENHEIMER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | ROCKWALL COUNTY, TEXAS |
| V. | § | |
| | § | |
| | § | Rockwall County - 439th District Court |
| SAFECO INSURANCE COMPANY OF | § | _____ JUDICIAL DISTRICT |
| INDIANA | § | |
| *Defendant* | § | |

---

## PLAINTIFFS MATTHEW & WENDY MEISENHEIMER'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Matthew & Wendy Meisenheimer, (hereinafter referred to as "Plaintiffs"),

complaining of Safeco Insurance Company of Indiana, (hereinafter referred to as "Defendant") and for cause

of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and

    affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil

    Procedure 169 because Plaintiffs seeks monetary relief of over $100,000.

### PARTIES

2.  Plaintiffs are individuals residing in Rockwall County, Texas.

3.  Safeco Insurance Company of Indiana is a foreign insurance company engaging in the business of

    insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

---

service, Corporation Service Company, located at the following address: 211 East 7th Street, Suite 620,

Austin, Texas 78701-3218.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant Safeco Insurance Company of Indiana because Defendant is a

foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs'

causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Safeco

Insurance Company of Indiana sought out and marketed for insurance in Texas and has "purposefully

availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*,

301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Rockwall County, Texas, because the Property is situated in Rockwall County, Texas.

TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiffs purchased a policy from Defendant Safeco Insurance Company of Indiana, (hereinafter referred

to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which

is located at 3075 Wincrest Drive, Rockwall, Texas 75032.

9. Defendant Safeco Insurance Company of Indiana and/or its agent sold the Policy insuring the Property to

Plaintiffs.

10. Plaintiffs is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about May 10, 2016, Plaintiffs experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Safeco Insurance Company of Indiana. Plaintiffs subsequently opened a claim on May 12, 2016 and Defendant Safeco Insurance Company of Indiana assigned an adjuster, Bret Hollon, to adjust the claim. Defendant's assigned adjuster, Bret Hollon, conducted his inspection of the Property on May 15, 2016.

12. Thereafter, on May 25, 2016, Defendant Safeco Insurance Company of Indiana wrongfully underpaid Plaintiffs' claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy. Defendant, relying on the estimate provided by its initial assigned adjuster, Bret Hollon, wrongfully informed Plaintiffs that the damage to the Property did not exceed the $7,700.00 deductible under the Policy. Instead, Mr. Hollon's estimate valued the Property's covered loss to be $6,109.07. Defendant's refusal to issue full and fair payment for Plaintiffs' covered loss was the result of intentional efforts by Defendant, independently and through its assigned adjuster, Bret Hollon, to improperly investigate and adjust Plaintiffs' claim in order to minimize and underpay the loss.

13. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendant's assigned adjuster failed

to fully quantify Plaintiffs' covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, Bret Hollon, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiffs is entitled to under the Policy to place the Property in a pre-loss condition. Furthermore, Mr. Hollon prepared his initial estimate despite failing to inspect the roof during his inspection. The necessary items omitted from Mr. Hollon's initial estimate are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. Defendant's assigned adjuster, Bret Hollon, failed to allow for a full replacement of the Property's roof despite clear evidence that a replacement was necessary. For example, granules from the flat roof portions were clearly missing, numerous shingles were torn off of the roof by the wind, and a substantial number of the shingles had slipped down the roof because their fastners were no longer in place. Further, Mr. Hollon's estimate did not account for the scaffolding necessary to paint the high interior ceilings in the Property's foyer, the textured drywall necessary to repaint the Property's interior walls, and the costs associated with the pack-in, pack-out, and storage of Defendant's belongings while The Property undergoes the necessary repair work.

16. As a result of Defendant's substandard initial investigation, Plaintiffs was forced to hire Public Adjuster Raymond Choate with Axiom Public Adjusting LLC. Mr. Choate inspected the Property and entered an

estimate on June 23, 2016. Mr. Choate estimated the amount of loss to the Property to be $129,794.43. Following Mr. Choate's inspection, Defendant commissioned a second inspection of the Property. However, Defendant's second assigned adjuster also made numerous errors in estimating the value of Plaintiffs' claim in order to minimize and underpay the loss incurred by Plaintiffs.

17. Specifically, during Defendant's second inspection Defendant's assigned adjuster failed to inspect the Property's roof once again. Instead, Defendant's assigned adjuster spent the majority of his inspection in the attic of the Property, demonstrating an obvious attempt by Defendant to search for evidence that they could use to blame the Property's loss on something other than the severe weather event. In addition, Defendant's second assigned adjuster told Plaintiff Wendy Meisenheimer that the pile of shingles Plaintiffs' had collected from the area immediately surrounding the Property "wasn't a lot." Further, Defendant's second assigned adjuster did not know the date of loss to the Property or the cause of the damage and had to request that that Plaintiffs Wend Meisenheimer inform him of this information. The complete ignorance of Defendant's second assigned adjuster regarding the details of the damage to the Property clearly demonstrate Defendant's total disregard for Plaintiffs and their claim. Finally, Defendant's second assigned adjuster refused to acknowledge additional damage to the Property's interior that was highlighted in Public Adjuster Ray Choate's estimate.

18. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or

personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added).  This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiffs' damages to the Property as an attempt to further deny Plaintiffs benefits owed under the Policy.

19. On December 13, 2016, Defendant invoked the appraisal provision contained in the Policy. Plaintiff complied with Defendant's demand for appraisal and fully cooperated throughout the process.  On or about July 5, 2017 an appraisal award of $54,535.34 was signed and agreed to by Plaintiff's appraiser Joel Yeatts and designated umpire Gary Boyd, whose services the party's appraisers utilized after reaching an impasse. The gross disparity of the appraisal award amount and the original amount estimated by Defendant of $6,109.07 highlights the extreme nature of Defendant's intentional efforts to improperly investigate and adjust Plaintiffs' claim in order to minimize and underpay the loss. Moreover, the amount received by Plaintiff through the appraisal process is still substantially less than what is required to place the Property in a pre-loss condition. Thus, Plaintiffs continue to be grossly underpaid for the losses sustained on the Property.

20. The issuance of an appraisal award only resolves the amount in dispute of Plaintiff's insurance claim, and genuine issues of material fact still exist as to Plaintiff's independent contractual and extra-contractual claims. *See Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 U.S. Dist. LEXIS 77361 (N.D. Tex. June 15, 2015); *Cavazos v. State Farm Lloyds*, No. 7:14-CV-395, 2015 U.S. Dist. LEXIS 163287 (S.D. Tex. Dec. 4, 2015).

21. Defendant's estimate grossly undervalued and did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiffs' claim was intentionally and knowingly underpaid.

22. Defendant's assigned adjuster acted as an authorized agent of Defendant Safeco Insurance Company of Indiana. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Safeco Insurance Company of Indiana. Plaintiffs relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

23. Defendant Safeco Insurance Company of Indiana failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Axiom Public Adjusting for proceeds to be in an amount sufficient to cover the damaged Property. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiffs. Defendant Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

24. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiffs filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

25. Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered and named peril under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices for "misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue[.]" TEX. INS. CODE § 541.060(a)(1).

26. Defendant failed to make an attempt to settle Plaintiffs' claim in a prompt, fair and equitable manner. Because of the obvious damage to the Property, Defendant was reasonably clear its liability to Plaintiffs. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

27. Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any reasonable explanation for why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices for "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy... for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]" TEX. INS. CODE § 541.060(a)(3).

28. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing within fifteen (15) days from Defendant. Defendant's conduct constitutes a violation of the

Texas Insurance Code, for Unfair Settlement Practices and Notice of Acceptance or Rejection of Claim.

TEX. INS. CODE §§ 541.060(a)(4), 542.056(a).

29. Under the terms of the Policy, Defendant refused to fully compensate Plaintiffs, by knowingly and intentionally conducting an unreasonable investigation. Specifically, Defendant performed a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' loss to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

30. Defendant Safeco Insurance Company of Indiana failed to meet its obligations under the Texas Insurance Code to acknowledge the receipt, begin an investigation, and request all information reasonably necessary to investigate Plaintiffs' claim within fifteen (15) days of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Receipt of Notice of Claim. TEX. INS. CODE § 542.055(a)(1)-(3).

31. Defendant failed to accept or deny Plaintiffs' full and entire claim, within 15 days, even after receiving all necessary information provided by Plaintiffs and Axiom Public Adjusting. Defendant's conduct constitutes a violation of the Texas Insurance Code, Notice of Acceptance or Rejection of Claim. TEX. INS. CODE § 542.056.

32. Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of claims without delay. Defendant refused to issue payment within the mandated period of five (5) days. To date, Plaintiffs has not yet received full payment for their claim, even though Defendant's liability is without

question. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claims. TEX. INS. CODE § 541.057.

33. From and after the time Plaintiffs' claim was presented to Defendant Safeco Insurance Company of

Indiana, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was

more than reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being

no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles*

*v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its

insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a

thorough investigation shows that there is a reasonable basis to deny that claim).

34. Defendant knowingly and recklessly made false representations to Plaintiffs, as described above, as to

material facts and/or knowingly concealed material information from Plaintiffs.

35. Defendant knowingly and purposefully made several misrepresentations about the Policy issued to

Plaintiffs. Defendant's conduct constitutes violations of the Texas Insurance Code, Misrepresentation

Regarding Policy or Insurer and Misrepresentation of Insurance Policy. TEX. INS. CODE §§

541.051(1)(A), 541.061(1)(3).

36. As a result of Defendant's wrongful acts and omissions, Plaintiffs was forced to retain the professional

services of McClenny Moseley & Associates, who is representing Plaintiffs with respect to these causes

of action.

37. Due to the reckless and/or negligent and/or intentional misrepresentations of the Defendant, Plaintiffs believed they had no other option but to hire an attorney, seek new insurance coverage and/or attempt and fail to fix the Property.

38. Each and every one of the representations, as described above, concerned material facts, and absent such representations, Plaintiffs would not have acted as they did.

39. Each and every one of the representations, as described above, was made by the Defendant recklessly and/or negligently without any knowledge of its truth and as a positive assertion.

40. As a result of Defendant's errors and/or omissions and/or other misrepresentations, Plaintiffs has been severely underpaid and their reliance upon those errors, omissions and misrepresentations have been to Plaintiffs' detriment.

41. At all times relevant, Plaintiffs was and is a consumer for purposes of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

42. Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant Safeco Insurance Company of Indiana committed in this case, or in similar cases, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant Safeco Insurance Company of Indiana's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Due to these continuous, systematic, and concerted actions to defraud, manipulate and deny policy benefits to Plaintiffs and other insureds, Defendant should be punished.

## CONDITIONS PRECEDENT

43. All conditions precedent to recovery by Plaintiffs have been met or have occurred.

## AGENCY

44. All acts by Defendant Safeco Insurance Company of Indiana were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Safeco Insurance Company of Indiana and/or were completed in its normal and routine course and scope of employment.

45. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

46. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, ₁fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex.Ins.Code §541.002(2) (emphasis added). *See also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

47. Plaintiffs hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## NEGLIGENCE

48. Plaintiffs entrusted Defendant to properly adjust Plaintiffs' insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiffs of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiffs' damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiffs suffered significant injuries.

49. Defendant Safeco Insurance Company of Indiana and its assigned adjuster had and owed a legal duty to Plaintiffs to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

   C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiffs' damages; and,

   D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

## BREACH OF CONTRACT

50. Plaintiffs hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

51. Defendant Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract made between Defendant Safeco Insurance Company of Indiana and Plaintiffs.

52. According to the Policy, which Plaintiffs purchased, Defendant Safeco Insurance Company of Indiana had the absolute duty to investigate Plaintiffs' damages, and pay Plaintiffs policy benefits for the claims made due to the extensive storm-related damages.

53. As a result of the storm-related event, Plaintiffs suffered extreme weather related damages.

54. Despite objective evidence of weather related damages provided by Plaintiffs and their representatives, Defendant Safeco Insurance Company of Indiana breached its contractual obligations under the Policy by failing to pay Plaintiffs cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiffs has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE PRACTICES ACT & TIE-IN-STATUTES

55. Plaintiffs hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

56. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (TEX. BUS. & COM. CODE § 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (TEX. BUS. & COM. CODE § 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiffs' claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiffs' claim (TEX. INS. CODE § 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiffs' damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

57. As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiffs that their Policy and Safeco Insurance Company of Indiana's adjusting and investigative services

had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

58. As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiffs that their Policy and Safeco Insurance Company of Indiana's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

59. By Defendant Safeco Insurance Company of Indiana representing that they would pay the entire amount needed by Plaintiffs to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

60. Defendant Safeco Insurance Company of Indiana has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiffs to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

61. Defendant Safeco Insurance Company of Indiana's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiffs the right to relief under § 17.50(a)(3).

62. Defendant Safeco Insurance Company of Indiana's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

63. Plaintiffs is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Safeco Insurance Company of Indiana, to their detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiffs has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages which are described in this Original Petition.

64. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiffs is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

65. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

66. Plaintiffs hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

67. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue (§ 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim § 541.060(a)(3).);

D. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs ( § 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffss to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.   Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.   Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

68.  By its acts, omissions, failures and conduct, Defendant Safeco Insurance Company of Indiana has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiffs, the insured and beneficiary, has a valid claim as a result of their detrimental reliance upon Defendant Safeco Insurance Company of Indiana's unfair or deceptive acts or practices. § 541.151(2).

69.  Defendant's aforementioned conduct compelled Plaintiffs to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Safeco Insurance Company of Indiana and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiffs to file suit. § 542.003(5).

70.  Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Safeco Insurance Company of Indiana's actions and conduct were committed knowingly and intentionally, Plaintiffs is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

---

71. As a result of Defendant Safeco Insurance Company of Indiana's unfair and deceptive actions and conduct, Plaintiffs has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

72. Plaintiffs hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

73. By its acts, omissions, failures and conduct, Defendant Safeco Insurance Company of Indiana has collectively and individually breached the common law duty of good faith and fair dealing by conducting a results oriented investigation, inadequately adjusting Plaintiffs' claim without any reasonable basis, and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the (underpayment/denial) of Plaintiffs' covered loss.

74. Defendant Safeco Insurance Company of Indiana has also breached the common law duty of good faith and fair dealing by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' claim, as Defendant knew, or should have known, it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiffs' damages.

## KNOWLEDGE

75. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiffs' damages described herein.

## DAMAGES

76. Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

77. For breach of contract, Plaintiffs is entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorneys' fees.

78. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs asks for three times Plaintiffs' actual damages. TEX. INS. CODE § 541.152.

79. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiffs' claim as damages, together with attorneys' fees. § 542.060.

80. For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

81. For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

82. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seeks an amount in excess of the minimum jurisdictional limits of this Court.

83. More specifically, Plaintiffs seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

84. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiffs is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

85. In addition, Plaintiffs is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005..

## JURY DEMAND

86. Plaintiffs demands a jury trial, consisting of citizens residing in Rockwall County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

87. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiffs requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Defendant Safeco Insurance Company of Indiana, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Safeco Insurance Company of Indiana's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiffs in their attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Safeco Insurance Company of Indiana's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiffs or Plaintiffs' home, regardless of whether Safeco Insurance Company of Indiana intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiffs, not limited to physical or audio recordings of all conversations between Plaintiffs and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiffs by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Safeco Insurance Company of Indiana and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Safeco Insurance Company of Indiana and its assigned adjuster, and all correspondence between Safeco Insurance Company of Indiana and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Safeco Insurance Company of Indiana expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiffs' claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Safeco Insurance Company of Indiana or Safeco Insurance Company of Indiana's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Safeco Insurance Company of Indiana or any of Safeco Insurance Company of Indiana's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Safeco Insurance Company of Indiana's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a.    The date and manner in which Safeco Insurance Company of Indiana received notice of the claim;

    b.      The date and manner in which Safeco Insurance Company of Indiana acknowledged receipt of the claim;

    c.      The date and manner in which Safeco Insurance Company of Indiana commenced investigation of the claim;

    d.      The date and manner in which Safeco Insurance Company of Indiana requested from the claimant all items, statements, and forms that Safeco Insurance Company of Indiana reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.      The date and manner in which Safeco Insurance Company of Indiana notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiffs.

7. Has Plaintiffs' claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Safeco Insurance Company of Indiana anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Safeco Insurance Company of Indiana's document retention policy.

10. Does Safeco Insurance Company of Indiana contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Safeco Insurance Company of Indiana contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Safeco Insurance Company of Indiana contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiffs' claim evaluated? State what performance measures are used and describe Safeco Insurance Company of Indiana's bonus or incentive plan for adjusters.

## CONCLUSION

88. Plaintiffs prays that judgment be entered against Defendant Safeco Insurance Company of Indiana and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorneys' fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which

they are due as a result of the acts of Defendant Safeco Insurance Company of Indiana, and for all such other

relief to which Plaintiffs may be justly and rightfully entitled. In addition, Plaintiffs request the award of treble

damages under the Texas Insurance Code, attorneys' fees for the trial and any appeal of this lawsuit, for all

costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and

for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly

entitled.

RESPECTFULLY SUBMITTED,

*/s/ Derek L. Fadner*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com

**ATTORNEYS FOR PLAINTIFFS**





US POSTAGE
$05.38⁰
Mailed From 75087
07/17/2017
031A 0005181232

 

US POSTAGE
$03.00⁰
Mailed From 75087
07/17/2017
031A 0005181232

7017 0190 0000 2139 5582



Lea Carlson
District Clerk

1111 E. Yellowjacket Lane, Suite 200
Rockwall, Texas 75087

Safeco Insurance Co. of Indiana
211 East 7th Street, Suite 620
Austin, TX. 78701