IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW AND WENDY MEISENHEIMER, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-CV-2153-M |
| SAFECO INSURANCE COMPANY OF INDIANA, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Summary Judgment, filed by Defendant Safeco Insurance Company of Indiana ("Safeco"). (ECF No. 11.) After consideration, the Motion is **GRANTED**.

### I. BACKGROUND

On May 10, 2016, a severe storm damaged the property of Plaintiffs Matthew and Wendy Meisenheimer. (Orig. Compl. ¶ 11, ECF No. 1-3.) The next day, Plaintiffs reported the damage to Safeco. (Ex. A ¶ 3, ECF No. 13 at 2.) On May 18, 2016, Safeco assigned field adjuster Bret Hollon to inspect the property. (*Id.*) Hollon found storm-related damage and wrote an estimate for $6,109.07 replacement cost value. (*Id.*) On May 25, 2016, after the inspection, Safeco sent Plaintiffs a letter explaining that it would not issue payment because Plaintiffs' claim totaled less than the policy's deductible of $7,700.00. (Ex. A-2, ECF No. 13 at 84.)

Plaintiffs contended that Hollon's estimate was too low. (Orig. Compl. ¶ 12, ECF No. 1-3.) Plaintiffs hired public adjuster Raymond Choate to perform another inspection. (ECF No. 18 at 9–34.) Choate estimated Plaintiffs' loss at $129,794.43. (ECF No. 18 at 18.) On June 30,

1

2016, Plaintiffs sent Choate's estimate to Safeco. (Ex. A, ECF No. 13 at 2.) Safeco responded by commissioning a new investigation of the property. (Orig. Compl. ¶ 16, ECF No. 1-3.) Plaintiffs claimed that this investigation was substandard because the second adjuster did not inspect the property's roof and did not know details about Plaintiffs' claim. (Orig. Compl. ¶¶ 16–17, ECF No. 1-3.)

The insurance contract between Plaintiffs and Safeco includes an appraisal provision for resolving disputes over the proper amount of a claim. This provision provides that each party "shall select a competent and disinterested appraiser," after which the appraisers "select a competent and disinterested umpire." (ECF No. 13 at 43–44.) The designated appraisers then appraise the loss and separately render statements regarding the actual cash value or replacement cost of each item lost or damaged. (*Id.* at 44.) If the appraisers do not agree on a value, they "submit their differences, only, to the umpire" who determines the final amount. (*Id.*)

On December 13, 2016, Safeco invoked the appraisal process, and both parties participated. (Ex. B-1, ECF No. 13 at 88–90.) On June 29, 2017, umpire Gary Boyd issued a final appraisal award, finding a replacement cost value of $54,535.34 and an actual cash value of $42,483.41. (Ex. B-3, ECF No. 13 at 92.)[1] On July 5, 2017, Plaintiffs' appraiser signed and agreed to the award. (Orig. Compl. ¶ 19, ECF No. 1-3.) On July 11, 2017, Safeco paid $34,783.41, the actual cash value portion of the appraisal award, minus the $7,700 deductible.

---

[1] "Actual cash value" refers to (1) when the damage to a property is economically repairable, the cost of repairing the damage, less reasonable deduction for wear and tear, deterioration, and obsolescence, (2) when the loss or damage to a property is total, the market value of the property in a used condition equal to that of the destroyed property, if reasonably available on the used market, and (3) otherwise, the market value of new, identical, or nearly-identical property, less reasonable deduction for wear and tear, deterioration, and obsolescence. (Ex. A-1, ECF No. 13 at 55.) "Replacement cost" refers to the cost, at the time of the loss, to repair or replace a damaged property with new materials of like kind and quality, without deduction for appreciation. (Ex. A-1, ECF No. 13 at 57.)

(Ex. B-4, ECF No. 13 at 93–95.) Safeco later made additional payments for recoverable depreciation, following completion of the necessary repairs to the property. (ECF No. 13 at 96–100.) Collectively, Safeco paid $46,835.34 or, stated differently, $54,535.34 minus the $7,700 deductible.

On July 14, 2017, Plaintiffs filed this lawsuit against Safeco, asserting claims for breach of contract, violations of the Texas Deceptive Trade Practices Act (DTPA) and the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, and negligence. On February 22, 2018, Safeco moved for summary judgment on all claims.

## II. LEGAL STANDARD

A court must grant summary judgment when the evidence, viewed in the light most favorable to the nonmovant, shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists if evidence shows that "a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant has the initial burden to provide the basis for the summary judgment motion by citing to the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this initial burden, the nonmovant must "go beyond the pleadings" to "designate specific facts showing that there is a genuine issue." *Id.* at 324 (internal quotations omitted). If the nonmovant fails to do so, the movant is entitled to summary judgment. *Id.* at 331.

### III. ANALYSIS

#### A. Breach of Contract Claim

Under Texas law, proving a breach of contract requires: "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach." *Frazin v. Hanley*, 130 S.W.3d 373, 376 (Tex. App.—Dallas 2004, no pet.).

If an insurer tenders the full appraisal award to the insured, regardless of whether the insured accepts the payment, the insured is estopped from suing the insurer for breach of contract. *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 845 (Tex. App.—Houston [14th Dist.] 2017, pet. filed); *see Toonen v. United Servs. Auto. Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ), *abrogated on other grounds by USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018). Courts will indulge every reasonable presumption to sustain an appraisal award, and will disregard the award only if the insured shows that the award was (1) made without authority, (2) the result of "fraud, accident, or mistake", or (3) not in substantial compliance with the insurance policy. *Franco v. Slavonic Mut. Fire Ins. Ass'n.*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Wells v. Am. States Preferred Ins*. Co., 919 S.W.2d 679, 683 (Tex. App.—Dallas 1996, writ denied).

In this case, there is a binding and enforceable award. Plaintiffs do not offer any basis for vacating the award. Plaintiffs argue that the difference between Hollon's estimate and Choate's estimate constitutes evidence that Safeco breached the contract by performing a substandard investigation of Plaintiffs' insurance claim. However, Plaintiffs are estopped from making this argument, because both parties agreed in the policy that the appraisal procedure would resolve any payment issues arising under the policy. When the appraisal process was invoked and an

appraisal award was made, that award became binding and enforceable, absent proof of one of the few bases for setting it aside, none of which Plaintiff provided evidence of existing here.

Because Plaintiffs are estopped from asserting a breach of contract claim against Safeco, Safeco is entitled to summary judgment on Plaintiffs' breach of contract claim.

### B. Extra-Contractual Claims

#### 1. Breach of the Common Law Duty of Good Faith and Fair Dealing

Safeco moves for summary judgment on Plaintiffs' claim for breach of the common law duty of good faith and fair dealing. In Texas, an insurer owes a duty of good faith and fair dealing to its insureds. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). However, to establish a claim for breach of this duty, a plaintiff must show that the insurer had "no reasonable basis for denying or delaying payment of a claim" and "that the insurer knew, or should have known, that there was no reasonable basis" when "it was reasonably clear that the claim was covered." *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 536–37 (S.D. Tex. 1999) (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50 (Tex. 1997)) (internal quotations omitted). An insured generally cannot maintain a claim for breach of the duty of good faith and fair dealing in the absence of a breach of contract, unless the insurer commits "some act, so extreme, that would cause injury independent of the policy claim" or fails to timely investigate the claim. *Garcia v. Lloyds*, 514 S.W.3d 257, 277 (Tex. App.—San Antonio 2016, pet. denied) (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)). Because Plaintiffs lack a viable claim for breach of the contract and do not allege and provide evidence that Safeco failed to timely investigate the claim, they must identify some "extreme act" that Safeco took against Plaintiffs.

5

Plaintiffs argue that Safeco committed an extreme act causing severe injury when it initially denied payment under the policy. The Court disagrees that this constitutes evidence of an extreme act, especially in light of the invocation of the appraisal, which resulted in an award substantially less than what Plaintiffs were claiming. *See Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (holding that an insurer's improper denial and failure to fairly investigate claim did not constitute extreme acts). The Court therefore grants summary judgment in favor of Safeco on Plaintiffs' claim for breach of common law duty of good faith.

### 2. Violations of the Texas Insurance Code and DTPA

Extra-contractual tort claims "require the same predicate for recovery as bad faith causes of action," so violations of statutes like the Texas Insurance Code and the DTPA are evaluated under the same standard as a claim for a breach of the duty of good faith and fair dealing. *Higginbotham*, 103 F.3d at 460 (citing *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied)). However, an insured may recover damages inflicted by a statutory violation "only if the damages are truly independent of the insured's right to receive policy benefits," and not "predicated on [the loss] being covered under the insurance policy." *Menchaca*, 545 S.W.3d at 499–500 (quoting *Boyd*, 177 S.W.3d at 920). In other words, statutory damages cannot "flow from" or "stem from" the denial of the claim for policy benefits." *Id.*

Plaintiffs cannot maintain any extra-contractual claims under the Texas Insurance Code or the DTPA unless they can meet the independent injury exception. Plaintiffs allege that they suffered an independent injury from Safeco's substandard investigation and initial underpayment. Plaintiffs claim that Safeco's actions caused them to hire a public adjuster and attorney, and the cost of these services is what they seek. (ECF No. 17 at 11.) The Court

6

concludes that these claimed injuries are not independent of Plaintiffs' claims for policy benefits. These costs flow from the denial of Plaintiffs' initial claim for policy benefits, when Safeco allegedly failed "to provide a prompt and reasonable explanation for . . . under-adjustment and resulting under-payment." (*Id.*) As a matter of law, that is not an injury independent of claims under the policy. Thus, the Court grants summary judgment in favor of Safeco on Plaintiffs' claims for violations of the Texas Insurance Code and the DTPA.

### 3. Violation of Section 542 of the Texas Insurance Code (Texas Prompt Payment of Claims Act)

Safeco moves for summary judgment on Plaintiffs' claim for alleged violations of the Texas Prompt Payment of Claims Act (TPPCA). Under the TPPCA, there is no cause of action "for any delay in payment between an initial payment and the insurer's timely payment of an appraisal award." *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 259 (5th Cir. 2017) (quoting *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x. 984, 988 (5th Cir. 2016)).

Plaintiffs argue that Safeco violated the TPPCA by not making a timely payment on or about June 30, 2016, when Safeco received Choate's estimate. (ECF No. 17 at 7.) Liability became reasonably clear when the umpire issued the appraisal award on July 5, 2017. Safeco paid the appraisal award within five business days, as required by the TPPCA. Therefore, the Court grants summary judgment in favor of Safeco on Plaintiffs' TPPCA claim.

### 4. Negligence

Safeco moves for summary judgment on Plaintiffs' negligence claim. An insured cannot bring a negligence claim against an insurer unless the claim arises independently of the underlying insurance contract. *See Southstar Corp. v. St. Paul Surplus Lines Ins. Co.*, 42 S.W.3d 187, 193 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.) (citing *DeWitt Cnty. Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 105 (Tex. 1999)); *see also Wilson v. Colonial Cnty. Mut. Ins. Co.*,

7

No. 05-14-00220-CV, 2015 WL 1886862, at *3 (Tex. App.—Dallas Apr. 27, 2015, no pet.) (dismissing negligence claim because there was no evidence that the insurer breached the insurance agreement). In this case, Plaintiffs allege that Safeco acted negligently by failing to properly adjust Plaintiffs' claim for payments owed under the policy. (Orig. Compl. ¶¶ 48–49, ECF No. 1-3.) These allegations identify a breach of contract theory repackaged as negligence. Like Plaintiffs' other extra-contractual theories, their negligence theory does not identify any potential liability arising independently from the parties' insurance contract. Plaintiffs' negligence claim therefore fails as a matter of law. *See Higginbotham*, 103 F.3d at 460. Summary judgment is granted on this claim in favor of Safeco.

## IV. CONCLUSION

For the reasons set out above, Safeco's Motion for Summary Judgment is **GRANTED** in its entirety. All of Plaintiffs' claims against Safeco fail as a matter of law. The Court will separately enter a judgment that Plaintiffs take nothing on their claims.

**SO ORDERED**.

August 15, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE